IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| SHAMEKA REDFIELD | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: |
| v. | ) | |
| | ) | |
| PHILLIP R. UTHE and | ) | STATE COURT CAUSE NO.: |
| TEAM INDUSTRIAL SERVICES, INC. | ) | 45C01-2003-CT-000288 |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

The Defendants, Phillip R. Uthe ("Defendant Uthe") and TEAM Industrial Services, Inc. ("Defendant TEAM Industrial Services"), by and through their undersigned counsel, file this Notice of Removal pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446 and state the following in support of it:

1.   On or about March 15, 2020, the Plaintiff, Shameka Redfield, filed a Complaint in the Lake County (Indiana) Circuit Court, styled *Shameka Redfield v. Phillip R. Uthe and TEAM Industrial Services, Inc.*, Cause No. 45C01-2003-CT-000288, asserting personal-injury claims arising from a September 13, 2018 motor-vehicle accident on westbound US-12 at or near its intersection with Taft Street in Gary, Indiana. Pursuant to 28 U.S.C. § 1446(a), copies of the Plaintiff's Complaint and Summonses are attached as **Exhibit A** to this Notice of Removal. The moving Defendants have also attached as **Exhibit B** a copy of the current State Court docket sheet and all other filings to date in the state-court action.

2.   The Plaintiff's Complaint alleges that, "[a]s a direct and proximate result of [the Defendants'] negligence, gross negligence, recklessness, and/or willfulness and wantonness, [Defendant Uthe] improperly turned into [the Plaintiff's] lane of travel and violently crashed into her vehicle." (emphasis added).  The Plaintiff further alleges that "[a]s a direct and proximate result

of the foregoing crash and the conduct of [Defendant TEAM Industrial Services], [the Plaintiff] sustained permanent and severe injuries; incurred and will incur ambulance, hospital, diagnostic, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, and permanent impairment; sustained and will sustain lost wages and a permanent impairment of her ability to earn wages in the future; disability; disfigurement; lost time; and incurred other injuries and damages of a personal and pecuniary nature."

3. The Defendants were personally served with the Plaintiff's Complaint on or about March 19, 2020. After the Defendants obtained an extension of their state-court responsive-pleading deadline, they timely filed an *Answer, Affirmative Defenses, and Jury Demand*, copy of which is included within **Exhibit B**.

4. The Plaintiff, who the Defendants' research indicates is a life-long Indiana resident, with an operator's license issued in Indiana, and who is currently pursuing an Indiana Worker's Compensation claim against her Indiana-based employer is domiciled in, and a citizen of, the State of Indiana.

5. Defendant Phillips is domiciled in, and a citizen of, the State of Illinois.

6. Defendant TEAM Industrial Services both was incorporated in and has its principal place of business located in the State of Texas.  Defendant TEAM Industrial Services is thus a citizen of the State of Texas.  "[A]ll corporations are to be treated alike for diversity purposes; all are citizens both of the state of incorporation and the state in which the corporation has its principal place of business." *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006) (citing *Hoagland ex rel. Midwest Transit., Inc. v. Sandberg*, 385 F.3d 737 (738-39 (7th Cir. 2004)). "The test in this circuit for principal place of business is 'nerve center,' and, to continue the neurological metaphor, we look for the corporation's brain, and ordinarily find it where the corporation has its

headquarters." *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). *See also Couponcabin LLC v. Sav.com, Inc.*, Cause No. 2:14-CV-39-TLS, 2016 U.S. Dist. LEXIS 143022 at *3 (N.D. Ind. Oct. 17, 2016) ("The term 'principal place of business' refers to the corporation's 'nerve center,' that is, the place where a corporation's officers direct, control, and coordinate the corporation's activities.").

7. Since the Plaintiff (a citizen of Indiana) and Defendants (citizens of Illinois and Texas, respectively) are citizens of different states, there is complete diversity of citizenship between the parties within the contemplation of 28 U.S.C. § 1332(a).

8. The Plaintiff's *Complaint* did not allege any specific amount or range in damages – and instead requested only "compensatory and punitive damages in an amount to be determined herein[.]" Nor have the Defendants received from the Plaintiff's counsel any "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one [that] is or has become removable" within the contemplation of 28 U.S.C. § 1446(b)(3). As such, no triggering event for any 30-day clock under 28 U.S.C. § 1446(b) has occurred, and the Defendant's removal is timely pursuant to 28 U.S.C. § 1446(c)(1).

9. Based upon the Defendants' investigation to date, however, they reasonably believe it to be more likely than not that the Plaintiff will seek recovery in a sum that exceeds the jurisdictional threshold for this Court's exercise of diversity jurisdiction. *See Copak v. State Farm Mut. Auto. Ins. Co.*, 2013 U.S. Dist. LEXIS 15801, *1 (N.D. Ind. 2013); *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000).

10. This Court therefore possesses original jurisdiction over the underlying state court case pursuant to the provisions of 28 U.S.C. § 1332. This action may be removed pursuant to the provisions of 28 U.S.C. § 1441 and § 1446 because there is complete diversity of citizenship

between the parties, and Defendants reasonably believe that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

11. The Defendants have completed all necessary requirements to remove this action to federal court in accordance with the procedures outlined in 28 U.S.C. § 1446(c), including filing copies of all process and pleadings served upon them in this action with this Notice of Removal. Moreover, upon receipt of an ECF Notice with respect to this filing, the Defendants will provide written notice of the Notice of Removal to all attorneys of record in the state-court proceedings and to the Clerk of the Lake County Circuit Court.

12. If the Plaintiff challenges this Notice of Removal and the Court's subject-matter jurisdiction, the Defendants reserve the right to file the appropriate affidavits and other proof with the Court to satisfy their burden of proof with respect to diversity jurisdiction. *See Buchanan v. McLee*, 2006 U.S. Dist. LEXIS 8533 (N.D. Ind. Feb. 10, 2006) (holding that the Court can require the defendant to file appropriate evidence or "competent proof" to support diversity jurisdiction upon its own volition or upon being challenged by the plaintiff).

**WHEREFORE**, for all the foregoing reasons, the Defendants respectfully request that this Honorable Court accept removal pursuant to 28 U.S.C. § 1441 and U.S.C § 1446.

Respectfully submitted,

*/s/ Trevor W. Wells*
Trevor W. Wells (#31156-64)
**REMINGER CO., L.P.A.**
One Professional Center, Suite 202
2100 North Main Street
Crown Point, IN 46307
(219) 663-3011
(219) 663-1049 (fax)
twells@reminger.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on May 19, 2020, a true and complete copy of the above and foregoing was served in accordance with Fed.R.Civ.P. 5, pursuant to the district court's ECF system as the ECF filers, and was served by regular mail to non-ECF filers and parties who do not appear to be registered with the Court's ECF system.

    Kenneth J. Allen
    Christopher R. Hansen
    KENNETH J. ALLEN LAW GROUP, LLC
    Allen Law Building
    1109 Glendale Boulevard
    Valparaiso, IN 46383
    *Counsel for Plaintiff*

    */s/ Trevor W. Wells*
    Trevor W. Wells (#31156-64)
    **REMINGER CO., L.P.A.**