UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHAMEKA REDFIELD,<br><br>   Plaintiff,<br><br>   v.<br><br>PHILLIP R. UTHE and TEAM<br>INDUSTRIAL SERVICES, INC.,<br><br>   Defendants. | CAUSE NO.: 2:20-CV-199-TLS-JPK |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion to Remand [ECF No. 8]. The Plaintiff argues that the removal in this case was untimely under 28 U.S.C. § 1446(b) and requests that the Court remand the case to state court. Also before the Court is the Defendants' Motion to File Surreply to Plaintiff's Motion to Remand [ECF No. 14]. For the reasons set forth below, the Court denies both motions.

**BACKGROUND**

On March 15, 2020, Plaintiff Shameka Redfield filed a Complaint [ECF No. 3] against Defendants Phillip R. Uthe and Team Industrial Services, Inc. in the Lake County, Indiana, Circuit Court, alleging state law tort claims in relation to a motor-vehicle accident. As for her damages, the Complaint alleges:

> [The Plaintiff] sustained permanent and severe personal injuries; incurred and will incur ambulance, hospital, diagnostic, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, loss of enjoyment of life, and permanent impairment; sustained and will sustain lost wages and a permanent impairment of her ability to earn wages in the future; disability; disfigurement; lost time; and incurred other injuries and damages of a personal and pecuniary nature.

Compl. ¶ 12, ECF No. 3. The Plaintiff achieved service of process on the Defendants on or about March 19, 2020. Not. of Removal ¶ 3, ECF No. 1.

On May 19, 2020, the Defendants filed a Notice of Removal [ECF No. 1] pursuant to 28 U.S.C. §§ 1441 and 1446 based on diversity jurisdiction under 28 U.S.C. § 1332. Therein, the Defendants alleged diversity based on the Plaintiff's Indiana citizenship and the Defendants' respective citizenships of Illinois and Texas. Not. of Removal ¶¶ 4–7. For the amount in controversy, the Defendants alleged that they "reasonably believe it to be more likely than not that the Plaintiff will seek recovery in a sum that exceeds the jurisdictional threshold for this Court's exercise of diversity jurisdiction." *Id.* at ¶ 9. The Defendants asserted that the Notice of Removal was timely filed because the 30-day removal period under 28 U.S.C. § 1446(b) had not been triggered by either the Complaint or any subsequent document and the removal was within the time limit set out in 28 U.S.C. § 1446(c)(1). Not. of Removal ¶ 8.

## ANALYSIS

**A.     Motion to Remand**

Federal courts are courts of limited jurisdiction. *See* U.S. Const. Art. III; *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A defendant has the right to remove a case from state to federal court when the federal court could exercise jurisdiction in the first instance." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006) (citing 28 U.S.C. § 1441). Under diversity jurisdiction, which is asserted in this case, federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . ." 28 U.S.C. § 1332(a)(1). The Court finds, and the parties do not dispute, that the diversity of

citizenship and amount in controversy requirements are met in this case. *See* Pl.'s Mem. 4, 8, ECF. No. 9; Defs.' Resp. 1, ECF No. 10.

In the instant motion, the Plaintiff seeks remand on the basis that the Defendants' removal of this action was untimely. Pl.'s Mem. 3–4; *see* 28 U.S.C. § 1447(c). "The general removal statute includes two different 30-day time limits for removal." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823 (7th Cir. 2013) (citing 28 U.S.C. § 1446(b)(1), (3)). First, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). However,

> if the case by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* § 1446(b)(3). A case may not be removed under § 1446(b)(3) on the basis of diversity jurisdiction more than a year after the action is initiated, unless the plaintiff's bad faith prevented the defendant from removing the action. *See* 28 U.S.C. § 1446(c)(1).

In *Walker v. Trailer Transit*, the Seventh Circuit Court of Appeals established a bright-line rule for what is necessary to trigger the 30-day removal clock:

> The 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present. With respect to the amount in controversy in particular, the pleading or other paper must specifically disclose the amount of monetary damages sought. This bright-line rule promotes clarity and ease of administration for the courts, discourages evasive or ambiguous statements by plaintiffs in their pleadings and other litigation papers, and reduces guesswork and wasteful protective removals by defendants.

727 F.3d at 824; *see Marley v. Tractor Supply Co.*, No. 1:14 CV 235, 2015 WL 1565056, at *1 (N.D. Ind. Apr. 8, 2015); *Hostetler v. Johnson Controls, Inc.*, No. 3:15-CV-226, 2016 WL

3

3662263, at *3 (N.D. Ind. July 11, 2016); *Michigan City v. Hays-Republic Corp.*, No. 3:20-CV-608, 2020 WL 5757986, at *4 (N.D. Ind. Sept. 28, 2020); *Nelson v. Diversified Logistics Servs., Inc.*, No. 4:20-CV-44, 2020 WL 3888177, at *2 (July 10, 2020).

The Seventh Circuit stressed that "[t]he moment a case becomes removable and the moment the 30-day removal clock begins to run 'are not two sides of the same coin.'" *Walker*, 727 F.3d at 824 (quoting *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013); citing *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 400 n.13 (5th Cir. 2013)). The court rejected a rule that would conflate "the timeliness question with the factual inquiry into whether the case is substantively appropriate for removal." *Id*. The determination of whether the removal was timely "is limited to [examining the] contents of the clock-triggering pleading or other litigation paper" and "should not involve a fact-intensive inquiry about what the defendant subjectively knew or should have discovered through independent investigation." *Id.* at 825. Thus, a case may in fact be removable to federal court without the 30-day clock beginning to run. *See Walker*, 727 F.3d at 825; *Hostetler*, 2016 WL 3662263, at *4, *4 n.2, *5.[1]

Here, the Plaintiff contends that the 30-day removal period in § 1446(b)(1) was triggered by service of the Complaint on the Defendants on March 19, 2020, and that the notice of removal was untimely because it was filed 61 days later on May 19, 2020. However, as argued by the Defendants, the 30-day removal period was never triggered in this case because the Defendants received no pleading or litigation paper from the Plaintiff that specifically disclosed the amount

---

[1] In *Kuxhausen*, the Ninth Circuit provides this explanation of the term "removable" as used in § 1446(b):
> The statute does not define "removable." Although every complaint is either capable of being removed or not, for the purpose of assessing timeliness we do not treat the concept as a strict dichotomy. Rather, some pleadings are "indeterminate" in the sense that the face of the complaint does not make clear whether the required jurisdictional elements are present.

707 F.3d at 1139 (citations omitted).

of monetary damages sought, as required under *Walker*'s bright-line rule. *See Walker*, 727 F.3d at 824; Not. of Removal ¶ 8. Although the Complaint alleges damages that include permanent and severe personal injuries, medical expenses, and lost wages and seeks punitive damages, the Complaint does not contain a dollar amount of damages sought, which is consistent with the Indiana state law pleading rules. *See* Ind. R. Tr. P. 8(A)(2) ("[I]n any complaint seeking damages for personal injury or death, or seeking punitive damages, no dollar amount or figure shall be included in the demand."). And, it is undisputed that the Defendants did not receive any subsequent litigation paper from the Plaintiff containing a statement of the amount of damages sought. As a result, "the [30-day] removal clock never actually started to run." *Walker*, 227 F.3d at 825. Therefore, the Defendants timely removed the case to federal court on May 19, 2020, well within the one-year limit of § 1446(c).

Seeking to avoid this result, the Plaintiff contends that the bright-line rule in *Walker* is inapplicable in this case, but her arguments are not persuasive. First, the Plaintiff argues that the holding in *Walker* is limited to class actions because *Walker* was concerned with the jurisdictional damages threshold for removal under the Class Action Fairness Act (CAFA). *See Walker*, 727 F.3d at 822 (explaining that CAFA requires an amount in controversy in excess of $5 million for removal (citing 28 U.S.C. § 1332(d)(2), (d)(5)(B)). However, both *Walker* and the sister circuit cases it cites demonstrate otherwise. In explaining its discretion to accept the appeal, the court in *Walker* recognized that the question of the time limits in the general removal statute (28 U.S.C. § 1446) is not a CAFA-specific issue. *Walker*, 727 F.3d at 823 (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005)). Then, at the outset of its analysis, the court identified *Kohl's Department Stores, Inc. v. Perkowitz & Ruth Architects*, No. 10-CV-378, 2010 WL 4386677 (E.D. Wis. Oct. 28, 2010), as summarizing the then-existing split

in the district courts in the Seventh Circuit on the issue of what triggers the 30-day time limit. *Walker*, 727 F.3d at 823. Neither *Kohl's* nor any of the cases cited therein was a class action. *See Kohl's*, 2010 WL 4386677, at *2.

Moreover, the court in *Walker* made no statement tying its bright-line rule solely to class actions and uses no language specific to class actions. 727 F.3d at 823–25. The court also drew largely on opinions in non-class action cases when crafting its bright-line rule, citing five personal injury cases and one class action. *Id.* at 824 (citing *Mumfrey*, 719 F.3d at 399 (personal injury); *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) (same); *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) (same); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1033–36 (10th Cir. 1998) (same); *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162–63 (4th Cir. 1997) (same); *Kuxhausen*, 707 F.3d at 1139 (class action)). Notably, subsequent Northern District of Indiana cases have applied *Walker* in non-class action cases. *See Marley*, 2015 WL 1565056, at *1; *Michigan City*, 2020 WL 5757986, at *4; *Nelson*, 2020 WL 3888177 at *1–2.

Second, the Plaintiff argues that *Walker*'s bright-line rule is not applicable to an initial complaint under § 1446(b)(1). This interpretation is not supported by the language of *Walker* or the cases on which it relies. As an initial matter, the court in *Kohl's*, cited by *Walker*, defines the issue as "what triggers the thirty-day removal clock under 28 U.S.C. § 1446(b) in cases, like this one, where the state court complaint fails to specify the amount of damages sought by the plaintiff." *Kohl's*, 2010 WL 4386677, at *2. In introducing and explicating its bright-line rule, the court in *Walker* repeatedly refers to a "pleading," rather than to the more specific language of an "initial pleading" used in § 1446(b)(1) or an "amended pleading" used in § 1446(b)(3). *See* 727 F.3d at 821, 823–25. The court's policy rationale for the bright-line rule also applies equally to initial and amended pleadings: "This bright-line rule promotes clarity and ease of

6

administration for the courts, discourages evasive or ambiguous statements by plaintiffs in their pleadings and other litigation papers, and reduces guesswork and wasteful protective removals by defendants." *Id.* at 824. And, the Second, Fifth, Eighth, and Ninth Circuit cases cited by *Walker* found that an initial pleading that did not expressly state the amount of damages did not trigger the removal clock. *See Moltner*, 624 F.3d at 36–38 (finding that the personal injury complaint did not trigger the removal period because it did not explicitly specify the amount of monetary damages sought, as required by New York state law); *Mumfrey*, 719 F.3d at 398–99, 400 (rejecting the plaintiff's argument that "his initial pleadings were removable because his list of damages was so extensive it was clear his claims satisfied the jurisdictional amount"); *In re Willis*, 228 F.3d at 897 (finding that "the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount"); *Kuxhausen*, 707 F.3d at 1139, 1141 (finding that the CAFA complaint did not trigger the removal clock under § 1446(b) because nothing in the complaint "indicated that the amount demanded by each putative class member exceeded $25,000" (citation and alterations omitted)).[2]

Notably, the Plaintiff's opening brief does not reference *Walker* or its bright-line rule. Instead, the Plaintiff asserts that a "reasonable and commonsense reading" of her Complaint was sufficient to trigger the 30-day period under § 1446(b)(1) because she alleged permanent and severe injuries, significant medical expenses, physical and mental suffering, lost wages, disability, disfigurement, and future loss of income. Pl.'s Mem. 5 (citing *McCoy v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002)). However, the "reasonable and commonsense reading" standard was on one side of the district court split prior to *Walker*. *See Kohl's*, 2010

---

[2] The court in *Walker* also cited *Lovern*, 121 F.3d at 162, which dealt with an initial pleading that was indeterminate as to citizenship but not the amount in controversy.

WL 4386677, at *2. In *Walker*, the Seventh Circuit resolved that split by establishing its bright-line rule, which includes the rule for the amount in controversy that "the pleading or other paper must specifically disclose the amount of monetary damages sought." 727 F.3d at 824; *see Copeland v. N. Am. Pipe Corp.*, No. 17-cv-559, 2018 WL 557928, at *1, 2–4 (W.D. Wis. Jan. 24, 2018) (finding, in a slip and fall case, that the 30-day clock was not triggered by the complaint that did not specify the amount of monetary damages sought, even though the complaint alleged severe and permanent injuries and losses, recognizing that the "reasonable and commonsense reading" standard is no longer applicable after *Walker*).[3]

Again, the court in *Walker* explained that "[t]he moment a case becomes removable and the moment the 30-day removal clock begins to run 'are not two sides of the same coin.'" 727 F.3d at 824 (quoting *Kuxhausen*, 707 F.3d at 1141 n.3). "[T]he timeliness inquiry is limited to [examining the] contents of the clock-triggering pleading or other litigation paper; the question is whether *that document*, on its face or in combination with earlier-filed pleadings, provides specific and unambiguous notice that the case satisfies federal jurisdictional requirements and therefore is removable." *Id.* at 825. Defendants might, as in the instant case, determine that removal is appropriate based on a preponderance of the evidence and remove on their own initiative, even though the pleading or other litigation paper does not specify the amount of damages. *See* Not. of Removal ¶ 9; *see also* 28 U.S.C. §§ 1441, 1446; *Walker*, 979 F.3d at 825; *Oshana*, 472 F.3d at 511. Nonetheless, defendants face no 30-day time limit to do so until receipt

---

[3] In her reply brief, the Plaintiff addresses *Walker* but cites the introductory statement that "[i]t's clear that the 30-day removal clock is triggered *only* by the defendant's receipt of a pleading or other litigation paper facially revealing that the grounds for removal are present." Pl.'s Reply 4, 7, ECF No. 12 (quoting *Walker*, 727 F.3d at 823–24). The Plaintiff focuses narrowly on the phrase "facially revealing" and fails to discuss *Walker*'s bright-line rule.

of a clock-triggering pleading or other litigation paper that satisfies the bright-line rule. *See Walker*, 979 F.3d at 825.[4]

Finally, the Plaintiff contends that Indiana Rule of Trial Procedure 8(A)(2) precludes application of the *Walker* rule to initial pleadings in tort actions. *See* Pl.'s Reply 3, ECF No. 12; *see also* Pl.'s Mem. 5. This argument is also not persuasive. Rule 8(A)(2) prohibits the inclusion of a dollar amount in a complaint that seeks damages for personal injury or death or seeks punitive damages. Ind. R. Tr. P. 8(A)(2). Although no such rule was at issue in *Walker*, the court nevertheless recognized, in a footnote to the paragraph establishing its bright-line timing rule, the existence of such state pleading rules: "We note that all three states in our circuit restrict the plaintiff's ability to quantify the amount of damages sought in the complaint. Jurisdictional requests for admission are a common device for determining whether the amount-in-controversy minimums are met." 727 F.3d at 824 n.4 (citations omitted). Some of the appellate cases cited in *Walker* concerned plaintiffs subject to similar state pleading rules, yet the courts nonetheless held that the initial pleading must expressly state the amount of damages in order to trigger the removal clock under § 1446(b)(1). *See, e.g.*, *Mumfrey*, 719 F.3d at 399 (Texas); *Moltner*, 624 F.3d at 36 (New York). In *Marley*, a Northern District of Indiana case where the court followed *Walker* and found that the initial complaint did not start the removal clock, the plaintiff's

---

[4] In *Cutrone v. Mortgage Electronic Registration Systems, Inc.*, 749 F.3d 137, 146 (2d Cir. 2014), the Second Circuit Court of Appeals explained:
> Thus, even if a defendant *could* remove immediately upon the filing of a complaint because the case satisfies the requirements of federal subject matter jurisdiction, a complaint or other document from the plaintiff that does not explicitly convey the removability of a case does not trigger the removal clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3). That is, whether a basis for removal exists and whether removal is timely are two separate questions.

*Id*. (citation omitted). Relying on *Walker*, the court then summarized the rule: "If a complaint is vague, indeterminate, or otherwise fails to convey these jurisdictional predicates, the removal clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered, but the defendant is not necessarily prohibited from removing." *Id*. at 146–47.

complaint requested punitive damages and, thus, was subject to Rule 8(A)(2). *See* Compl. ¶¶ 12–13, *Marley*, 2015 WL 1565056, ECF No. 4. There is no prejudice to plaintiffs restricted by such state pleading rules, as they can independently trigger the 30-day removal period by "providing defendants a clear written statement that they are seeking damages in excess of the jurisdictional minimum." *Aken v. Polaris Indus., Inc.*, 16-cv-48, 2016 WL 1384826, at *2 (W.D. Wis. Apr. 7, 2016); *see also Hostetler*, 2016 WL 3662263, at *5 (citation omitted).

In this case, no pleading or document from the Plaintiff specifically disclosed the amount of monetary damages sought. Therefore, the 30-day removal clock was not triggered. As a result, the Defendants' notice of removal, filed sixty-one days after service of the Complaint, was timely. The Court denies the Plaintiff's Motion to Remand.

**B.     Motion for Leave to File Surreply**

Local Rule 7-1 permits parties to file a supporting brief, a response, and a reply "but does not contemplate the filing of a surreply or response to the reply brief." *Lafayette Life Ins. Co. v. City of Menasha*, No. 4:09 cv 64, 2010 WL 4553667, at *1 (N.D. Ind. Nov. 3, 2010). "However, 'a surreply brief is occasionally allowed when it raises or responds to some new issue or development in the law.'" *Id.* (citation omitted). In their Motion for Leave to File a Surreply, the Defendants offer no new argument or law. Rather, they submit for the Court's consideration the complaints as well as the briefing on the motions to remand in *Marley*, 2015 WL 1565056, and *Hostetler*, 2016 WL 3662263, two Northern District of Indiana cases cited by the Defendants in their response to the Motion to Remand and then discussed by the Plaintiff in her reply brief. This Court already has full access to the public court filings in those cases and can take judicial notice of those filings and their contents. *See Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir.

2016) (citing *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997)). Thus, the Court denies the motion as moot.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Plaintiff's Motion to Remand [ECF No. 8] and DENIES as moot the Defendants' Motion for Leave to File Surreply to Plaintiff's Motion to Remand [ECF No. 14].

SO ORDERED on June 15, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT